IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANTONIO BISBAL-BULTRON, WANDA MACHADO-ILARRAZA, JOSE TORAL-MUÑOZ, WALESKA PABON, FLOR JOGLAR, RAFAEL CABRERA-VALLE, EMELDA PIZARRO-CAMARA, ANAMAR VAZQUEZ, VICTOR R. FIGUEROA-RIVERA, JULIE ROSARIO, JULIO E. SANTIAGO-CRUZ, ANDRES BORRAS-BORRERO, LAURA ORTIZ, WILLIAM GONZALEZ, EDWARD MELENDEZ, MARGIE IGARAVIDEZ-OTERO, CELSO A. RIVERA, BENITO ALEMAN-ACEVEDO, AGNES HERNANDEZ-VILLAHERMOSA, LUZ BULERIN, WANDA LEE RODRIGUEZ, SHEILA BENITEZ, FELIPE RODRIGUEZ, ROSAURA REYES, CARLOS MONTAÑEZ-RODRIGUEZ, ZILKA MOLL, ALMA I. CARRION-RAMIREZ, GENOVEVA DIAZ-REYES, and YAZMIN FLORES-GONZALEZ | CIVIL 10-1555CCC |
| Plaintiffs | |
| vs | |
| STATE INSURANCE FUND CORPORATION; ZOIME ALVAREZ-RUBIO, her husband JOSE IGNACIO COBIAN, and the conjugal partnership composed by them; SAUL RIVERA-RIVERA, his wife JANE DOE, and the conjugal partnership composed by them | |
| Defendants | |

**OPINION AND ORDER**

Once again before the Court is the portion of defendants' Motion to Dismiss Based on the Supreme Court of Puerto Rico Cases of Wanda González-Segarra v. State Insurance Fund Corp. and Alma Iris Carrión-Ramírez v. SIFC (**docket entry 88**) which is still pending adjudication. On July 23, 2014, the Court issued its Partial Ruling on Motion to Dismiss (docket entry 120) where it denied movants' request for dismissal of plaintiffs'

CIVIL 10-1555CCC                    2

political discrimination claims.  It did not rule then on the request for dismissal of plaintiffs' due process claims, nor on whether defendants' invocation of the qualified immunity defense had merit.  As to the due process claim, however, on July 21, 2014 the Court issued a separate Order (docket entry 112) requiring all but five of the plaintiffs[1] to inform "whether a technical analysis which justified an internal job announcement for their respective positions was conducted."  This solicitation was founded on our review of the opinions issued by the Puerto Rico Supreme Court in the cases of González-Segarra v. CFSE, 188 D.P.R. 252 (2013) and Alma Iris Carrión-Ramírez v. SIFC (unpublished opinion dated March 28, 2014, docket entry 84-1).  The SIFC employees before the Supreme Court in those two cases and all the plaintiffs in this case have as a common thread that their appointments had been annulled by defendant Zoimé Alvarez-Rubio, then SIFC Administrator.  The annulments were preceded by an internal audit on the personnel files of 3,835 SIFC employees which revealed that 232 employees had been appointed to their positions, pursuant to an internal job vacancy posting, without first conducting a technical analysis for the position that would have justified its exclusion from the general job posting principle as required by Article 14, Section 14.1 of the SIFC regulations.  The Supreme Court ruled in both cases that the internal job vacancy announcements posted by the State Insurance Fund Corporation (SIFC) through which the SIFC employees before it (among them the five plaintiffs identified in footnote 1) had obtained their positions were made contrary to Puerto Rico law and SIFC regulations for the agency Administrators had failed to conduct a required technical analysis stating the causes and/or

---

[1]The five excepted plaintiffs were Alma I. Carrión-Ramírez, Julio E. Santiago-Cruz, Zilka I. Moll, Emelda Pizarro-Cámara and José Toral-Muñoz.

CIVIL 10-1555CCC                    3

reasons why those positions could be excluded from the regular open job vacancy announcement procedure.   See Carrión-Ramírez (unpublished opinion), at docket entry 84-1, pp. 23-26; González-Segarra, 188 D.P.R. 252, 290-294 (2013).  As the Court explained in Carrión-Ramírez:

> . . . a study specifying the nature of the position, the experience required for filling said position, and a justification for the use of the internal mechanism must be conducted *prior* to limiting the competition by means of an internal vacancy announcement. Based on this analysis, the SIFC Administrator may then exercise his/her discretion on whether a particular class of position warrants an internal job vacancy announcement. Avoiding the execution of such study would constitute an abuse of discretion by the SIFC Administrator and, therefore, would call for the annulment of the internal vacancy announcement process conducted in this manner. It was so acknowledged in González Segarra v. C.F.S.E., supra, as a safeguard of the principle of merit that should prevail in the SIFC.

Id., at pp. 23-24 (emphasis in original).

As a result of the Administrator's failure to comply with the required analysis, the Supreme Court concluded that the internal job vacancy announcements were invalid and found that the specific appointments of the particular SIFC employees before it, made pursuant to infringing internal vacancy announcements, were null and void.

On July 31, 2014, plaintiffs filed an Informative Motion in Compliance with Order at Docket 112 (**docket entry 126**), which is NOTED.  They reported that the information requested could not be submitted for, allegedly, "they (had) not been given any documentary evidence whatsoever by the defendants, and cannot attest or provide evidence as to whether any technical analysis was in fact conducted by the SIF at any time regarding their respective positions." Informative Motion, at p. 1.  They also argued whether a technical analysis was conducted is not decisive to their due process claim, stating that whether they were actually heard is a "mixed question of fact and law that is not susceptible

CIVIL 10-1555CCC                    4

of summary disposition and which requires the passing of evidence at trial."
Id., at p. 2.   Defendants filed also on July 31, 2014 their own Motion in
Response to Order Doc. 112 (docket entry 127), which is NOTED, clarifying
that under Section 14.1 of SIFC Regulations a technical analysis has to be
performed as to the different classes of positions, not as to each of the
particular positions held by plaintiffs.   This was followed by a Motion for
Reconsideration filed on August 10, 2014 (**docket entry 135**), where
defendants ask that the Court revisit its denial of the dismissal of the political
discrimination claim, reassert the grounds in support of dismissal of the due
process claim and insist on  their entitlement to qualified immunity.

I.   **Due Process Claim**

        The fate of plaintiffs' due process claim has been sealed by the Supreme
Court's holdings in González-Segarra and Carrión-Ramírez.  As noted, in both
cases the Court unequivocally declared invalid internal job vacancy
announcements posted at the SIFC without first conducting a required
technical analysis stating the causes and/or reasons why the positions being
filled could be excluded from the regular open job vacancy announcement
procedure and consequently concluded that appointments of particular
SIFC employees (among them the five plaintiffs identified in footnote 1, supra)
which resulted from those internal vacancy announcements were null and void.
Although we asked all but the five plaintiffs listed at footnote 1 to inform
whether a technical analysis was performed as to the positions they held
which would have saved them from the Supreme Court's determination that
appointments made pursuant to internal job postings in which such analysis
was not conducted absent were illegal, they were unable to come forward with

CIVIL 10-1555CCC                              5

any evidence.  Given that all plaintiffs alleged in their Amended Complaint that they were appointed to their positions following the internal job posting procedure found to be invalid by the Supreme Court of Puerto Rico in the absence of a technical analysis (see Amended Complaint, at ¶¶ 16, 21, 28, 36, 42, 50, 55, 60, 65, 71, 81, 87, 92, 97, 102, 107, 112, 117, 122, 128, 132, 137, 142, 147, 152, 157, 162, 167 and 174), and all indications being that no technical analysis was conducted for their class of positions, the end result is that said appointments are all null and void.  The Court of Appeals for the First Circuit has explained:

> The sufficiency of a claim of entitlement to a property interest in public employment must be measured by, and decided with reference to, local law.  Bishop v. Wood, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976).  In a series of cases, we have addressed the precise question in terms of Puerto Rico law, holding unambiguously on three occasions "that under Puerto Rico law any property right associated with a career position is rendered null and void if a violation of the Personnel Act attends the filling of such a position."  Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1173 (1st Cir. 1988); accord de Feliciano v. de Jesus, 873 F.2d 447, 452–55 (1st Cir. 1989); Santiago–Negron v. Castro–Davila, 865 F.2d 431, 435–37 (1st Cir. 1989); see also Arbona–Custodio v. De Jesus–Gotay, 873 F.2d at 409 n. 2 (alternative holding); Rosario Torres, 672 F.Supp. at 650 ("Public employees hired 'illegally' to career positions have no property interest or expectation to continued employment, and therefore, no entitlement to due process prior to termination.").  Thus, "to the extent that the plaintiffs were hired in violation of [the agency's rules], they . . . could not, upon termination, benefit from the 'property' status of [their 'career'] positions."  Kauffman, 841 F.2d at 1174.

Rosario-Torres v. Hernández-Colón, 8898 F.2d at 319.  Thus, none of the plaintiffs had  a property interest in the positions from which they were transferred, demoted or terminated, and no entitlement to constitutional procedural due process prior to the adverse employment action taken against them.  Their claims under the Due Process Clause are, therefore DISMISSED. Partial judgment shall be entered accordingly.

CIVIL 10-1555CCC                              6

## II.    First Amendment Claim/Upon Reconsideration

Regarding the political discrimination claim, the Partial Ruling on Motion to Dismiss dated July 23, 2014 (docket entry 120) includes a narrative of the relevant allegations of the Amended Complaint (docket entry 4), specifically allegations numbered: **190** (imputing a systematic scheme by defendants to get rid of Popular Democratic Party (PDP) sympathizers following the change of administration in January 2009), **193** (appointments made pursuant to internal job postings were only audited for the period of 2001-2008 in which the PDP was in office resulting in a selective review that had a disproportionate impact on PDP sympathizers activists), **196** (prior to this audit there is no evidence of any review of plaintiffs' personnel files), **202** (defendants continue to this date using the same internal job posting procedure and appointment process for union employees which is being impeached as to the 232 management appointments), **206** (political party affiliation was not a requirement for plaintiffs' employment positions), **208-209** (after the election of Governor Fortuño, defendants conceived a political patronage plan to reward NPP political allies with public governmental jobs  and to cleanse the SIFC of PDP sympathizers), **210** (defendants' scheme includes replacing plaintiffs and the rest of the 232 management employees with NPP followers).

After reviewing the two Supreme Court cases cited above on which defendants rely in seeking dismissal of the political discrimination claim, we made the following observations at page 4 of the Partial Ruling (docket entry 120):

> Neither of these two decisions addresses political discrimination claims, except to mention in passing that such type of claims were raised before the Board of Appeals of the State Insurance Fund in the employees' administrative appeals and were also discussed by the Commonwealth's Court of Appeals.  In both forums, the State Insurance Fund averred that the actions taken against the

CIVIL 10-1555CCC                    7

> complaining employees was not politically-motivated as it was strictly based on the illegality of their appointments. This, however, does not dispose of the merits of the plaintiffs' political discrimination claims in this case. There was no adjudication of such claims by the Supreme Court of Puerto Rico . . . The concrete allegations by the plaintiffs in this case set forth above are yet to be tested at the upcoming trial. <u>Additionally, it is settled law that simply finding that an appointment is illegal, without more, does not defeat a political discrimination claim.</u> <u>See Sánchez-López v. Fuentes-Pujols, 375 F.3d 121, 132 (1st Cir. 2004).</u>

(Emphasis ours). The Court noted at footnote 1 that it "never had before it a motion for summary judgment . . ." that "[d]efendants, of course, always had the opportunity to file one, and were even reminded of their right to do so after their two motions to dismiss . . . were denied by the Court . . ." It then concluded:

> In sum, the scope of the two Supreme Court decisions does not extend beyond a finding of illegality of appointments made during the period of 2001 to 2008 by internal job announcements at the State Insurance Fund by former Administrators in violation of Puerto Rico's merit system and of section 14.1 of the regulations of the SIF.

Docket entry 120, at p. 5.

Defendants' Motion for Reconsideration (docket entry 135) has not raised any argument that would require modifying our conclusion that "it is settled law that simply finding that an appointment is illegal, without more, does not defeat a political discrimination claim." Defendants' position is that because they had a neutral basis given plaintiffs' illegal appointments, they could terminate them. Factual allegations 190, 193, 196, 202, 206, 208-209 and 210 of plaintiffs' Amended Complaint aver that the real reason for their termination was their political affiliation. We repeat. The Court does not have before it a motion for summary judgment because none was filed. The disputed facts regarding the First Amendment claim outlined above must be adjudicated by the fact finders at trial.

CIVIL 10-1555CCC                    8

### III.    **Qualified Immunity**

Defendants' qualified immunity claim is discussed at pages 13 through 18 of their reconsideration motion (docket entry 135) where they make the following arguments:    (1) that immunity should be granted since "the defendants took the adverse employment action across the board and regardless of the political affiliation of the employees that were demoted or removed," (2) that defendants acted objectively and had no reason to believe that their actions constituted a violation to the Constitution and (3) that they 'may still prevail on qualified immunity grounds since they can demonstrate that given the factual scenario of the case an objectively reasonable officer could have believed that no violation had occurred." Defendants' recurring argument that the Supreme Court's validation of the annulment of plaintiffs' appointments obtained by internal announcements is evidence of their objectively reasonable conduct and absence of a discriminatory animus is misplaced.    In Rosario-Torres v. Hernandez-Colón, 889 F2d 314, 318 (1st Cir. 1989), the Court of Appeals for this Circuit, citing Roure v. Hernandez-Colón, 824 F.2d 139, 141 (1st Cir. 1987), stated: "Defendants' position that the appointments were void, even if correct as a matter of Puerto Rico law, does not establish that defendants are entitled to qualified immunity with respect to plaintiffs' First Amendment claims." The two-step inquiry to determine whether a defendant is entitled to qualified immunity requires in its second prong a determination as to whether the violated right was clearly established at the time that the offending conduct occurred. This second "clearly-established" step, as observed in Hunt v. Massi, 773 F.3d 361, 367 (1st Cir. 2014), encompasses two questions, one of which is "whether, under the specific facts of the case, a reasonable defendant would have understood that he was

CIVIL 10-1555CCC                    9

violating the right."  To answer this question, the District Court must engage in an analysis in a "particularized" sense and in an "appropriate level of specificity to determine whether the particular factual violation in question would have been clear to the official."  Id., at p. 368.  This fact-specific assessment cannot be done in this case due to the insufficiency of the record.  The defendants never filed a motion for summary judgment in this case.  At footnote 1, page 4 of the Partial Ruling (docket entry 120), which was limited to the motion to dismiss the First Amendment political discrimination claims, the Court reminded defendants that they never filed a motion for summary judgment, that they always had the opportunity to do so, and that they had been reminded of their right to seek summary judgment disposition after their two dismissal motions were denied back in September 30, **2011**.  It was not until July 24, **2014** that defendants at docket entry 123 filed a Request for Leave to File Motion for Summary Judgment.  Leave was denied (docket entry 147) since the extreme delay was unjustified and defendants did not act diligently despite the Court's reminders and the ample time allowed for them to move for summary judgment in this 2010 action.

Defendants' qualified immunity discussion at pages 14-15 of docket entry 135 does not rise beyond the level of denials based on memorandum arguments, such as those found at paragraph 24, none of which are borne out by the record, to wit:

> . . . that there were employees or former employees whose appointments were also declared null and void and have admitted that they do not belong to any political party or are not affiliated to the PDP nor to the NPP and this is evidenced from the allegations of the complaints and cases that have been filed and also dismissed by the Courts.  We submit that there was not an illegal action or against the First Amendment's rights of the plaintiffs based on political beliefs when the plan implemented affected positions (not persons) across the whole SIFC, positions that were occupied by employees from all political affiliations including NPP'

CIVIL 10-1555CCC                    10

> s, when the time frame to conduct the analysis of the personnel files was selected because the arriving administration has the duty to conduct a due diligence effort upon arrival.
>
> Plaintiffs . . . were not selectively treated because of their political affiliation . . .

In sum, based on the insufficiency of the record the Court cannot reach a conclusion with the required specificity on the qualified immunity issue. Accordingly, the qualified immunity defense is DENIED, without prejudice of raising it after full development of the facts at trial.


## IV.    Conclusion

For the reason stated above, the pending portion of defendants' Motion to Dismiss Based on the Supreme Court of Puerto Rico Cases of Wanda González-Segarra v. State Insurance Fund Corp. and Alma Iris Carrión-Ramírez v. SIFC (**docket entry 88**) is GRANTED as to the request for dismissal of plaintiffs' due process claims and DENIED as to the qualified immunity defense on their First Amendment claims.  Plaintiffs' Informative Motion in Compliance with Order at Docket 112 (**docket entry 126**) is NOTED. Defendants' Motion for Reconsideration (**docket entry 135**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on February 25, 2015.


S/CARMEN CONSUELO CEREZO
United States District Judge